USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/13

```
11ITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
                       Government, :
                                   :       11 Cr. 182 (RMB)
           -against-               :
                                   :           ORDER
                                   :
ANTON KING,                        :
                       Defendant.  :
------------------------------------------------------------X
```

## I. Introduction

By motion dated February 14, 2013 ("Motion"), Anton King ("King" or "Defendant"), pro se, requested that the Court "supplement the record pursuant to Fed. R. Crim. P. (36)" because Defendant "deserves the right to redress a constitutionally invalid plea." (Motion at 1.) Defendant contends he "had no knowledge or was informed of the consequences of the guilty plea," (Motion at 4.), and that "A lesser penalty of title 18 USC § 924(c)(1)(A) is an equitable remedy." (Motion at 4.)[1]

By opposition dated February 27, 2013 ("Opposition"), the Government countered: "[t]he Motion should be treated by the Court as seeking relief pursuant to 28 U.S.C. § 2255, the Court should (1) inform the defendant of its intent to recharacterize the Motion as a § 2255 motion, (2) warn the defendant of the bar against second or successive petitions under § 2255, and (3)

---

[1] King is currently serving a sentence of 120 months, having pled guilty on August 22, 2011 to a violation of 18 § 924(c)(1)(A)(iii) which states that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime – if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years." (18 § 924(c)(1)(A)(iii); see also Plea Agreement dated August 18, 2011 ("Plea Agreement") at 2; Transcript of proceedings held on August 22, 2011 ("Plea Tr.") at 10-11.); and Page 2 below.)

provide the defendant with an opportunity to withdraw the Motion or amend it to include other requests for relief." (Opposition at 1.)

On May 29, 2013, the Court advised Mr. King that, in his reply, he should indicate whether he "wishes to withdraw his Rule 36 Motion, dated February 14, 2013, and/or amend the Rule 36 Motion and/or for the Court to treat it as an application under 28 U.S.C. § 2255." (Memo Endorsement dated May 29, 2013 at 9.) Additionally, the Court advised Mr. King that "any recharacterization of his current application into a 28 U.S.C. § 2255 application will be subject to the restrictions on second or successive petitions" and that it was expressing "no opinion . . . as to whether Mr. King's Rule 36 Motion and/or any claims under 28 U.S.C. § 2255 may be barred either procedurally . . . or substantively." (Id.)

By reply dated June 24, 2013 ("Reply"), King states: "In accordance with the plea agreement [dated August 18, 2011], Mr. King is not permitted to file a § 2255 . . . or wishes that the Honorable Court construe this as one. A motion of F.R.C.P. (36) which this reply respectfully requests this court to accept, do not detract from the court's inherent authority to interpret ambiguous terms in judgment or order." (Reply at 2.) And, by response dated August 16, 2013 ("Second Opposition"), the Government nevertheless requests that the Court "(1) convert the motion to a petition under § 2255; (2) deny the motion; and (3) decline to issue a certificate of appealability." (Second Opposition at 1.)

**For the reasons set forth below, the Motion is denied.**

## II. Background

As noted, King pled guilty on August 22, 2011 to Count Two of Indictment 11 cr 182, acknowledging using, carrying and possessing a firearm which was discharged during and in relation to the narcotics conspiracy (charged in Count One of the Indictment) in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2. The plea allocution took place before Magistrate Judge James

2

C. Francis, IV. See, e.g. Plea Tr. at 11:3-6 (King: "I had a gun and I shot a person." Magistrate Judge Francis: "You had a gun and you shot a person? And was this in connection with the sale of drugs?" King: "Yes.") Defendant pled guilty pursuant to the Plea Agreement, dated August 18, 2011, in which there was a "stipulated guidelines sentence" of 120 months imprisonment. (Plea Agreement at 2; see also Plea Tr. at 10–11.) The guilty plea was accepted by this Court by Order dated September 28, 2011 and on December 6, 2011, Defendant was sentenced to a 120 month term of imprisonment. (Transcript of proceedings held on December 6, 2011 ("Sentence Tr.") at 8; see also Judgment and Commitment Order dated December 6, 2011 ("Judgment") at 2.)

In his Plea Agreement, Defendant agreed, among other things, "not to file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence at or below the Stipulated Guidelines Sentence of 120 months' imprisonment." (Plea Agreement at 3; see also Plea Tr. at 8 and Sentence Tr. at 10.).

### III. Legal Standard

Under Rule 36 of the Federal Rules of Criminal Procedure, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "As our court has made plain, the rule authorizes the correction only of errors that are truly clerical, i.e., minor, uncontroversial errors." (United States v. Lansing, 71 Fed.Appx. 84, 87 (2d Cir. 2003).)

"It is well settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." (United States v. Lee, 523 F.3d 104, 106 (2d Cir. 2008) (citation and quotation marks omitted).)

3

Where, as here, the movant is proceeding pro se, the Court construes his claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d. Cir. 1999), and "leniency is generally accorded," Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan 12, 1999).

## IV. Analysis

### Rule 36

King appears to contend that the underlying conviction and sentence are invalid. See Motion at 1 (King contends he "deserves the right to redress a constitutionally invalid plea."). He argues incorrectly that because the Court dismissed Count One of the Indictment, Count Two, to which King pled guilty, cannot be legally valid because it relates to (hinges upon) the dismissed Count One. See, e.g., Motion at 3 ("The Petitioner contends that this Honorable Court, by its own record dismissed count one, the conspiracy, only to introduce a narcotics conspiracy in count two, to a layman would be baffling, confusing, impairing one's decision. The charge or word of 'conspiracy' is not self explanatory or simple in its meaning. Combined with not being further prosecuted criminally for discharging a firearm.") King does not allege that there was a clerical error or oversight or omission in the written judgment.

While Rule 36 of the Federal Rules of Criminal Procedure authorizes a district judge, at any time, to amend the written judgment so that it conforms with the oral sentence pronounced by the court, " it does not permit . . . [substantive] amendment of the oral sentence itself," which is what King appears clearly to be seeking. (Ramirez v. United States, No. 99 Cr 504 (LAP), 2002 WL 31654982, *1-*2 (S.D.N.Y . Nov. 21, 2002) (internal citation omitted).) "Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing." (United States v. Werber, 51 F.3d 342, 343 (2d Cir. 1995).) King's claims are more properly brought pursuant to a motion

4

under 28 U.S.C. § 2255, an approach which King has rejected and which, as shown below, he has waived in his Plea Agreement. See United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995); see also Fashewe v. United States, No. 09 Civ. 3817 (SJ), 2009 WL 3128017, *1 (E.D.N.Y. Sept. 29, 2009)

**28 U.S.C. § 2255**

<u>Waiver</u>

As conceded by Defendant, "Mr. King is not permitted to file a § 2255." (Reply at 2.) The reason is that as noted, in his Plea Agreement, King agreed "not to file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or 2241; nor seek a sentence modification pursuant to Title 18 United States Code, Section 3582(c ), of any sentence at or below the Stipulated Guidelines Sentence of 120 months' imprisonment." (Plea Agreement at 3.) "Knowing and voluntary appellate waivers included in plea agreements must be enforced . . . Like appellate waivers, factual stipulations are bargaining chips in the hands of defendants. Indeed, virtually every provision of a plea agreement – agreements not to argue for a downward or upward departure, to drop charges, to concede the defendant's role in the offense – is a bargaining chip in the hands of either the government or the defendant. Such bargaining chips can be exchanged for concessions from the other party only if they are enforceable. If defendants are not held to their factual stipulations, therefore, the government has no reason to make concessions in exchange for them." (United States v. Granik, 386 F.3d 404, 412 (2d Cir. 2004).) See also Moore v. United States, 12 Civ. 5854 (NRB), 2012 WL 3578696 (S.D.N.Y. Aug. 14, 2012).[2]

---

[2] The Plea Agreement also provided that "at the time of sentencing, the Government will move to dismiss any open Counts against the defendant." (Plea Agreement at 1.) And, at the time of sentence, the Court asked if there were "[a]ny open counts the government was seeking to

"[C]ourts will enforce such waivers as long as the record clearly demonstrates that the waiver was knowing – in the sense that the petitioner understood the consequences of the waiver – and voluntary – in the sense that the petitioner was not coerced or threatened into agreeing to the record." (Powell v. United States, Nos. 12 Cr 243 and 12 Civ 7089 (VM), 2013 WL 2284907, *2 (S.D.N.Y. May 9, 2013).) The record clearly demonstrates that King's waiver of appeal, including a collateral challenge or a request for a sentence modification of any sentence at or below 120 months imprisonment, was knowing and voluntary. (Plea Agreement at 3.) During the plea allocution, King acknowledged he received a copy of the Indictment; and that he read it and understood it. (Plea Tr. at 3.) Magistrate Judge Francis reminded King that "the charge against [him] is using and carrying a firearm in connection with a narcotics crime during which time the firearm was discharged. [And that] the law provides as a penalty a term of imprisonment of at least ten years." (Plea Tr. at 4:8-12.) And when asked if he understood the penalties, King responded: "Yes." (Plea Tr. at 4:18.) When asked by Magistrate Judge Francis if he understood the nature of the charge to which he was pleading, King responded: "Yes." (Plea Tr. at 6:18.) When asked by Magistrate Judge Francis if he understood the range of penalties including the maximum sentence he could receive [life imprisonment], King responded: "Yes." (Plea Tr. at 10:16.) King was asked if any threats had been made by anyone to him to influence him to plead guilty or if any promises had been made concerning the sentence he would receive, to which King replied: "No." (Plea Tr. at 8:8-13.) Magistrate Judge Francis also stated: "I have before me a plea agreement dated August 18, 2011. Have you read and do you understand that agreement and did you sign it?" King replied "Yes." (Plea Tr. at 8:14-17.) Magistrate Judge Francis also stated: "You understand that if you are sentenced within

---

resolve?". The Government replied, "Yes. We move to dismiss count one, your Honor." (Sentencing Tr. at 11:8-11.) The Court granted the Government's application.

or below the guideline range [120 months] indicated that you are agreeing not to appeal or otherwise challenge your sentence?" To which King replied, "Yes." (Plea Tr. 8:19-23). Magistrate Judge Francis asked: "Is your plea voluntary and made of your own free will?" King replied, "Yes." (Plea Tr. at 10:22-23.) And, Magistrate Judge Francis found that "the defendant understands the nature of the charges against him and the consequences of a plea of guilty [and that he was] also satisfied that the plea [wa]s voluntary and knowing and that there [was] a factual basis for it." (Plea Tr. at 12:2-6.)

In accepting King's guilty plea, this Court also found and "determined that the defendant entered the guilty plea knowingly and voluntarily and that there was a factual basis for the guilty plea." (Order dated September 28, 2011.) The Court confirmed with King and his counsel that "Mr. King and counsel understand that in this case the maximum under the statute is life imprisonment and the mandatory minimum is ten years." (Transcript of proceedings held on September 28, 2011 ("Acceptance Tr.") at 3:20-22.) When the Court asked defense counsel if he reviewed those items with the Defendant, defense counsel replied: "I did, Judge, and I'm sure Mr. King understands that . . . I went over with Mr. King that the maximum he could get would be life but that there is a mandatory minimum of 120 months, ten years." (Acceptance Tr. at 3:24-25; 4:1-3.) The Court again confirmed with counsel and King, "that 120 months is in the plea agreement stipulated range." (Acceptance Tr. at 4:4-5.) Defense counsel replied: "Right..." (Acceptance Tr. at 4:6-7.)

At the time of his sentence, this Court advised the Defendant as follows: "Mr. King, to the extent that you have not already waived your appeal rights - - and now I'm talking again about the plea agreement dated August 18, 2011 in which, in fact, you do waive your right to appeal under certain circumstances. And, in fact, you say that you will not file a direct appeal, nor will you bring a collateral challenge including an application under 28 United States Code

7

Sections 2255 or 2241 nor would you seek a sentence modification under 18 U.S.C. Section 3582(c ) [i]f the sentence that is imposed [is] at or below the stipulated guideline range of 120 months, and . . . this sentence is at 120 months, so that waiver of appeal rights applies." (Sentence Tr. at 10:14-25.) And, when asked if he understood those appeal rights, King replied: "Yes.". (Sentence Tr. at 11:7.)

### Timeliness

Even if, arguendo, King had not waived his right to challenge his sentence, any motion pursuant to 28 U.S.C. § 2255 would be untimely.[3] See 28 U.S.C. § 2255(f)(1). King had one year from the date on which the Judgment became final to file a motion under 28 U.S.C. § 2255. King's Judgment was entered on December 6, 2011 and it became final fourteen days thereafter, i.e. on or about December 20, 2011. Thus King had until on or about December 20, 2012 to file a motion pursuant to 28 U.S.C. § 2255 - - which he did not do. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("Because [Petitioner] failed to file his § 2255 motion ... more than one year after his conviction became final, his motion was untimely."); see also Diaz v. United States, No. 13 Civ 2743 (JGK), 2013 WL 2243827, *2 (S.D.N.Y. May 21, 2013.)

### Absence of Merit

If the Court were to analyze the merits of King's arguments (as if he had properly and timely filed a § 2255 petition which he has not done), the Court would likely find that any such petition should be dismissed. During his guilty plea allocution, King admitted, among other things, that: "I had a gun and I shot a person. The Court inquired: "You had a gun and you shot a person? And was this in connection with the sale of drugs?" King replied: "Yes." (Plea Tr. at 11:3-6.)

---

[3] As noted, King's Motion was made on February 14, 2013. See page 1 above.

A guilty plea pursuant to 18 U.S.C. § 924(c)(1)(A)(iii) need not be accompanied by a conviction to the underlying narcotics offense. See, e.g., United States v. Price, 204 Fed.Appx 993, 995 (2d Cir. 2006) (affirming a conviction based upon a plea of guilty to possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).) See also United States v. Nelson, 276 Fed.Appx. 420, 421 (6th Cir. 2008) (where "defendant was charged with violating section 924(c)(1)(A)(iii), agreed to plead guilty under subsection (iii) in return for concessions from the government, and did in fact plead guilty under that subsection. It thus appears that there is no basis for his challenge to the sentence imposed by the district court."); see also Sunday v. United States, No. 06 Cr 60082, 2011 WL 4024505, *4 (July 11, 2011 W.D.La.) where the Court correctly observed the following: ("The plain language of § 924(c)(1)(A) states that the crime must only be one for which a person may have been prosecuted in a court of the United States. It is of no moment whether the person was actually prosecuted, convicted, or acquitted.")

## V. Conclusion & Order

For the reasons set forth above, the Defendant's Rule 36 Motion [#22] is denied. Additionally, if the Court had treated King's Motion as a § 2255 petition, it would deny it and decline to issue a certificate of appealability as there has been no substantial showing of a denial of any constitutional right. See 28 U.S.C. § 2253.

Dated: New York, New York
August 22, 2013

_RMB_
Richard M. Berman, U.S.D.J.